# In the United States Court of Federal Claims
No. 20-821C
Filed: January 6, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * *  <br>**TITUS L. RADCLIFF,**  <br>　　　　Plaintiff,  <br>v.  <br>**UNITED STATES,**  <br>　　　　Defendant.  <br>* * * * * * * * * * * * * * * * * * * | *  <br>*  <br>*  <br>*  <br>* **Pro Se** Plaintiff; Subject-Matter  <br>* Jurisdiction; Motion to Dismiss; 28  <br>* **U.S.C. § 1494; 28 U.S.C. § 1495.**  <br>*  <br>*  <br>*  <br>* |

　　**Titus L. Radcliff**, pro se, Daytona Beach, FL.

　　**Kelly A. Krystyniak**, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant. With her were **Patricia M. McCarthy**, Assistant Director, Commercial Litigation Branch, **Robert E. Kirshman, Jr.**, Director, Commercial Litigation Branch, and **Jeffery B. Clark**, Acting Attorney General, Civil Division.

## O R D E R

**HORN, J.**

　　Pro se plaintiff Titus L. Radcliff filed a rambling complaint with numerous unrelated allegations in the United States Court of Federal Claims. In the complaint, plaintiff bases his alleged claim for jurisdiction in this court on a host of statutes, including: 28 U.S.C. §§ 1491(a)(1) and (2) (2018), 28 U.S.C. § 1494 (2018), 28 U.S.C. § 1495 (2018), 28 U.S.C. § 1498(a) (2018), 28 U.S.C. § 1501 (2018), 28 U.S.C. § 1503 (2018), 28 U.S.C. § 1505 (2018), and 28 U.S.C. § 1507 (2018). Before explaining his basis for jurisdiction in this complaint, plaintiff makes a request to transfer a case of his from the United States Court of Appeals for Veterans Claims to this court to "correct the entire record."[1]

---

[1] Plaintiff's case in the United States Court of Appeals for Veterans Claims was filed in May 2020. See Radcliff v. Wilkie, No. 19-1010 (Vet. App. 2020). Previously plaintiff filed cases in the 7th Judicial Circuit Volusia County, Florida Fifth District Court of Appeals, and the United States Supreme Court, but all have been dismissed for lack of jurisdiction or mootness. In Re Titus L. Radcliff, No. 13-5189 (U.S. Aug. 22, 2013) pet. denied; In Re Titus L. Radcliff, No. 11-9300 (U.S. April 16, 2012) pet. denied; Radcliff v. Gadson, No. 2020-30025-CICI (Fla. 7th Cir. Ct. 2020); Radcliff v. State of Fla., No. 5D12-3398 (Fla.

1

Plaintiff's complaint states that "the United States has not allowed royalties for my invention of the utility patent." He claims as jurisdiction in this court under 28 U.S.C. § 1489(a), alleging: "This invention was done on my own time and not on the premises or property of the U.S. Government."[2] He further contends:

> The child rearing has been infringed upon acting for the Government as shown with the Certificate of Subordination of Federal Tax Lien Section 6325(D)(2) but yet someone else is living in my house and collecting rent due to inadequate job performance with 2 federal EIN[3] numbers. These 2 EINs represent the 2 parcels that were switched, and put in my book "No Rights."

Plaintiff further alleges the "denial of right to own and posses my home 528 Bellevue Ave." He states

> the US. has not allowed a hearing on the issue of taking my home 528 Bellevue Avenue & the lot next to it. The property was swapped to show the empty lot paid for in place of the house which was a V.A. loan with V.A. form 9 being completed and not mentioned in the pension hearing on 7/25/2018 in Washington D.C.

Additionally, plaintiff claims that he has not "been granted a re-hearing per written request and no notification or resolution of abatement in tax return." Plaintiff goes on to contend that he was "denied right to collect railroad unemployment," "forced to resign from railroad job," and "not allowed to have a retirement when documented." Plaintiff then alleges he was "jailed 4 times illegally for being an inventor & having copyright for which these items are just words written on paper." Plaintiff contends a "failure to enforce custody & visitation rights" and later, his daughter, Shawndrea Rene Radcliff was not notified "when she was a finalist for a federal probation officer job in Panama City when the federal officials told her they would notify her 1 way or the other." Plaintiff finally contends he was without "privilege of a driver license for 11 years."

Among the many bases of jurisdiction listed in the complaint, plaintiff alleges jurisdiction in this court under 28 U.S.C. § 1494 and states:

> I dispute the RBA for not having the complete record, for instance the issues about my seized home & ask that you and in the settlement of the restoring

---

5th DCA Oct. 4, 2012); <u>Radcliff v. Unemp. Appeals Comm'n</u>, No. 5D05-3095 (Fla. 5th DCA Oct. 21, 2005).

[2] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Order are as they originally appear in plaintiff's submissions to this court.

[3] It appears from the complaint that "EIN" refers to "Employee Identification Number."

time in service. Although 5 months would not have me vested in railroad service, because I'm short 13 months, but the 5 months would allow eligibility under 38 C.F.R. 3.750 Concurrent Compensation & would additionally show the working of all the current parties possessing my private property, which should be returned to me paid in full utilizing my group exemption status to show both parcels.

He further alleges jurisdiction under 28 U.S.C. § 1495 and states:

The unjust conviction & jailed under wrong S.S.N. and using as collateral found in 28 U.S.C. 1491 (a)(2) which would have been enforced if I drafted from my jail account to pay for copies from the copy machine owned by the County of Volusia, but material in law books, property by the U.S. Government found in the jail County of Volusia library which would constitute entrapment. Jailed 4 times for a total of 64 days. As investigated by the U.S. Federal District Court in Orlando, FL. Case # 6:20-CV-119-OrlGJK 1-24-2020 Found in the 3/30/2020 Abeyance order response, to case #19-1010. Although the federal district court did not state how many times I was incarcerated or the reason, but the total was 4 times, with 2 times under my half-brother Lenard A. Jackson's S.S.N. 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. The other 2 were based on the 2 and pg. 1 where it (quietly) shows the number 16 by the Deputy Clerk Barbara Horeog 4/16/1998 where this document shows how the original illegal contract is enforced using days served in jail with payment made for child support on the side of this notice of delinquency (alleged). I was arrested on the Fl. East Coast Railroad Co. Property at Trademark Metal Recycling 402 3rd Street Holly Hill, FL 32117 on a short (private) road leading up to this address. I was put in handcuffs and put in a police car for not having my scrap metal covered with a tarp. This was Holly Hill Police Dept. in Holly Hill, FL.

Plaintiff also claims jurisdiction under 28 U.S.C. § 1505 and 28 U.S.C. § 1507. He claims that "this is cognizable because I Titus L. Radcliff and Shawndrea R. Radcliff are a group unannotated after 1946" and "to hear any suit in which my home was taken & given back to V.A.."

Finally, plaintiff requests

the court to sanction the railroad to give me the necessary time for my 20 year retirement, backpay of my paycheck, compute the amount of backpay for denied promotion as Engine House Foreman or General Mechanical Foreman, assist in retrieving my home and property 528/530 Bellevue Avenue, Daytona Beach, Florida, promote fairness for veterans with allowing me to be a heard advocate, assist in bringing to justice those involved in this modern barbaric treatment, to prosecute those who seek to retire when in trouble as was done done to me, of how they took my $12,000

out of my back account committing fraud, in addition to abatement tax return.

In response to plaintiff's complaint, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) (2020) of the Rules of the United States Court of Federal Claims (RCFC) for a lack of subject-matter jurisdiction. Defendant's motion to dismiss argues that "Mr. Radcliff does not invoke any money-mandating statute, nor does he appear to seek any financial recovery from the United States." Additionally, defendant contends that "this Court does not possess jurisdiction over the laundry list of allegations contained in the complaint," including, as noted above, a request for his case to be transferred from the United States Court of Appeals for Veteran Claims, as well as a claim for wrongful imprisonment after he was allegedly jailed, a claim for royalties for the invention of a patent, and a series of claims related to the potential failure to enforce visitation or custody rights, as well as an "allegedly forced resignation from his job at a railroad, an agency's failure to inform his daughter whether she would be hired for a job as a probation officer, or the government's 'failure to allow a hearing' on an alleged dispute over a loan from the Department of Veterans Affairs." Defendant also notes that although plaintiff asserts jurisdiction under 28 U.S.C. § 1494, the complaint "fails to plead any of the three elements mandated by that statute" and appears to have no bearing on the allegations raised in the complaint. Similarly, defendant's motion to dismiss notes that plaintiff raises jurisdiction under 28 U.S.C. §§ 1501, 1503, 1505, and 1507, but "Mr. Radcliff once again fails to tie any of the series of allegations made in the complaint [sic] fall under the jurisdiction of this Court as set forth in any of those statutes."

Plaintiff filed a response to defendant's motion to dismiss acknowledging "a Full understanding of the U.S. Court Of Federal Claims having No jurisdiction in pension cases" and that "this case although sounding in Tort has elements of that evidence," but notes he "will attempt to develop detailed money damage claims in conjunction with Federal statutes listed . . . at different stages of this total matter."[4] Additionally in his response to the motion to dismiss, plaintiff now requests for this court to assert concurrent jurisdiction over his action in the United States Court of Appeals for Veteran Claims rather than the transfer of his case as he had earlier requested.

Subsequently, defendant filed a reply brief, reiterating that the this court lacks jurisdiction over plaintiff's claims. Regarding plaintiff's request to asset concurrent jurisdiction, defendant, citing to 28 U.S.C. § 1331 (2018), 28 U.S.C. § 1332 (2018) and 28 U.S.C. § 1441 (2018), argues that "'concurrent jurisdiction' refers to instances where a state court has jurisdiction over a claim that could also be brought in a Federal district court- not courts of limited jurisdiction, such as this one" and "even if 'concurrent jurisdiction' was available here, the concept does not permit two cases to proceed

---

[4] As noted in defendant's filings, "jurisdiction must be established at the outset, not developed through the progression of the case" or the complaint must be amended by order of the court as per Rule 15(a)(2) (citing Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) and Tindle v. United States, 56 Fed. Cl. 337, 341 (2003)).

*simultaneously,* but rather permits a plaintiff to choose among multiple venues to bring its complaint." (emphasis in original).

## D I S C U S S I O N

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019), appeal docketed; Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Secretary, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only."); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must

address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 136 S. Ct. 1737, 1745 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting

> Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."); see also Me. Community Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the

7

jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2020); Fed. R. Civ. P. 8(a)(1), (2) (2020); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Not only is plaintiff's complaint difficult to follow, but plaintiff's complaint appears to raise numerous claims which are not within the jurisdiction of this court. Plaintiff lists a number of experiences related to his time working for the Florida East Coast Railway Company. Plaintiff alleges that "this is incident to relief to ascertain a retirement of 20 years, less 5 months short under 38 CFR 3.750 Concurrent Compensation" after "the railway along with the state of Florida incarcerated me," and claims that the Tucker Act provides a basis for jurisdiction in this court. As described above, the Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund

from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 289-90. None of plaintiff's alleged claims, including denial of unemployment and retirement, unjust conviction for stealing from the railway, as well as delinquent child support fall under the jurisdiction of the court. Nor does plaintiff explain how these claims would properly be claims under the Tucker Act. As noted by defendant, "Mr. Radcliff does not invoke any money-mandating statute, nor does he appear to seek any financial recovery from the United States."

Plaintiff also claims this court has jurisdiction pursuant to 28 U.S.C. § 1494. Under Section 1494, this court has "jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States," provided (1) claimant applies to the proper department for settlement, (2) three years have elapsed since plaintiff's application, and (3) claimant has not previously brought a suit on the claim in the United States. See id. The United States Court of Federal Claims lacks jurisdiction if plaintiff "fails to allege sufficient facts to establish jurisdiction, pursuant to 28 U.S.C. § 1494." Striplin v. United States, 100 Fed. Cl. 492, 498 (2011) (citing RCFC 12(b)(1)); see also Roberson v. United States, 115 Fed. Cl. 234, 241-42 (2014). Plaintiff cannot prevail on the basis of 28 U.S.C. § 1494 because plaintiff has not alleged that he is "officer or agent of, or contractor with, the United States."

To the extent plaintiff is trying to collect damages for an alleged unjust conviction and false imprisonment under 28 U.S.C. § 1495, he does not present any evidence to support his claim. In order to have a valid claim for unjust conviction and false imprisonment under 28 U.S.C. § 1495, plaintiff must "prove that his conviction has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on the grounds of actual innocence, and that he did not commit the acts for which he has been charged," typically through a "court-issued certificate or pardon." Taylor v. United States, 130 Fed. Cl. 570, 572 (2016) (citing Brown v. United States, 42 Fed. Cl. 139, 141-42 (1998) and Vincin v. United States, 199 Ct. Cl. 762, 766, 468 F.2d 930, 933 (1972)). No certificate of innocence or proof of pardon was attached to plaintiff's complaint. Further, plaintiff faces an additional challenge in this court to recover if his convictions arose from state crimes, rather than federal. Section 1495 only permits plaintiffs to bring claims for damages in crimes committed "against the United States." See 28 U.S.C. § 1495.

Plaintiff further requests relief under 28 U.S.C. § 1498(a) for the nonpayment of patent royalties. In order to bring a claim under Section 1498(a), however, a plaintiff must show that the patent in question is being "used or manufactured for the United States without license of the owner thereof or lawful right to use or manufacture the same." Id. The statute 28 U.S.C. § 1498 "does not grant the Court of Federal Claims jurisdiction over a claim for alleged infringement of an unissued patent." Dell v. United States, 2020 WL 4876247, at *1, *2 (citing Martin v. United States, 99 Fed. Cl. 627, 632 (2011)). Plaintiff does not provide any details about an actual patent registration and merely alleges that

he is an "independent inventor" by listing his practitioner registration number. Because plaintiff does not provide any evidence reflecting the existence of his patent his claim under 28 U.S.C. § 1498(a) fails.

Plaintiff also brings claims under Sections 1503, 1505, and 1507 of Title 28, but does not include enough information in his complaint to support any of these claims. In certain instances, 28 U.S.C. § 1503 gives this court "jurisdiction to render judgement upon any general set-off or demand by the United States against any plaintiff in such court," 28 U.S.C. § 1503, but plaintiff does not contend any set-offs or demands made against him by the United States in his complaint, contending only that "set-offs could be used to force the railroad to restore time in addition to denying promotion on the railroad." Moreover, 28 U.S.C. § 1503 is a statute invoked by the United States for set-off claims against the plaintiff, not a statute a plaintiff can invoke against the government. See RDA Constr. Corp. v. United States, 132 Fed. Cl. 732, 783 (2017), aff'd, 739 F. App'x 644 (Fed. Cir. 2018).

The statutes plaintiff cites under 28 U.S.C. § 1505 gives this court jurisdiction over "any claim against the United States accruing after August 13, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska," but plaintiff does not allege affiliation to any of these groups in his complaint. See 28 U.S.C. § 1505. Pursuant to U.S.C. § 1507, this court also has jurisdiction "to hear any suit for and issue a declaratory judgement under section 7428 of the Internal Revenue Code of 1986," however this only "pertains to "status and classifications of organizations under section 501(c)(3)' of the Code." Gibson v. United States, 121 Fed. Cl. 215, 218 (2015). Plaintiff does not allege any connection to 26 U.S.C. § 501(c)(3)[5] in his complaint, nor does he explain how an exemption from tax for a corporation would provide plaintiff with jurisdiction in this court, and moreover, only asks this court to "hear any suit in which my home was taken and given back to V.A."

---

[5] Section 501 of Title 26 is titled: "Exemption from tax on corporations, certain trusts, etc.," and subsection (c)(3) provides a list of exempt organizations:

> Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

26 U.S.C. § 501(c)(3).

Finally, as noted above, plaintiff requests an existing case of his case be transferred from the United States Court of Appeals for Veterans Claims to this court or that the court exercise concurrent jurisdiction. Although under 28 U.S.C. § 1631 (2018) a federal court can transfer a case to another federal court when "there is a want of jurisdiction" in the original court, this court cannot compel the transfer of a case from another federal court, particularly a case that appears to be ongoing. Further, there is no authority which would permit this court to exercise jurisdiction over the Court of Appeals for Veterans Claims case.

## C O N C L U S I O N

For the reasons discussed above, because this court does not have jurisdiction to hear any of the claims raised by plaintiff, defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
　　　**Judge**